**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Bridewell, et al., | No. CV-26-04289-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Peoria, et al., | |
| Defendants. | |

The Court now considers Plaintiffs Complaint (Doc. 1) and Plaintiffs' Applications for Leave to Proceed In Forma Pauperis (Docs. 2, 3).  After screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court **dismisses** the Complaint for the reasons explained below.

## I.    LEGAL STANDARD

The Court must review the Complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II.    DISCUSSION

The Court reviewed Plaintiffs' sprawling sixty-four-page Complaint. Plaintiffs assert a variety of 42 U.S.C. § 1983 and state law claims based on a 2021 state municipal legal proceeding. These claims are dismissed with prejudice as time barred.

In Arizona, § 1983 claims have a two-year statute of limitations. *Danam v. Arizona Bd. of Educ.*, No. CV-20-02489-PHX-MTL, 2021 WL 3511133, at *2 (D. Ariz. Aug. 10, 2021). Such claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (citation modified). As noted, this case arises out a 2021 legal proceeding and primarily revolves around actions taken between 2021 and 2023. Plaintiffs did not file the present action until June 2026. Based on the Complaint, Plaintiffs had reason to know of their injuries as early as 2021. Indeed, Plaintiff Leonard Bridwell previously sued the same Defendants based on the same underlying legal proceeding in 2024. *See Bridewell v. Peoria, City of et al*, 2:24-cv-03040-MTM (D. Ariz. Nov. 4, 2024).[1]

---

[1] Plaintiff Leonard Bridewell voluntarily dismissed his 2024 case, writing: "I release any and all legal burdens regarding the aforementioned proceedings, asking this Federal Court in the District of Arizona to dismiss this matter with prejudice." *Bridewell*, 2:24-cv-03040-MTM, at Doc. 13 p.21 (D. Ariz. Jan. 7, 2025).

- 2 -

Plaintiffs also assert a state law "extrinsic fraud and record breach" claim. (Doc. 1 at 61.) While the exact nature of Plaintiff's claim is unclear, it would be time barred even if it carried the three-year statute of limitations for fraud claims as the events giving rise to the claim primarily occurred in 2021. *See Hastings v. Bank of Am. NA*, No. CV-13-00834-PHX-DLR, 2014 WL 11514488, at *1 (D. Ariz. Dec. 9, 2014). Moreover, there is no indication that Plaintiffs abided by Arizona's notice of claim provision. *See* A.R.S. § 12-821.01(A) (requiring notice of claims to be filed before a claim can be filed against a public entity or public employee).

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Applications for Leave to Proceed In Forma Pauperis (Docs. 2, 3).

**IT IS FURTHER ORDERED dismissing** Plaintiff's Complaint (Doc. 1) with prejudice. The Clerk of Court shall accordingly enter judgment and close this action.

Dated this 3rd day of August, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 3 -